ANDREW J. KING (253962)
SCOTT M. BLOOM (SBN183891)
sbloom@bloomandking.com
**BLOOM & KING LLP**
3478 Buskirk Ave., Suite 1000
Pleasant Hill, CA 94523
Telephone: (925) 247-8779
Facsimile: (925) 397-0890

*Attorneys for Defendant*
PHILADELPHIA INDEMNITY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FORWARD FOOD GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PHILADELPHIA INDEMNITY INSURANCE COMPANY; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: _____ <br><br> **DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446** <br><br> [State of California, County of San Francisco Superior Court Case No. CGC-21-594202] <br><br> Complaint Served: September 2, 2021 <br> Trial Date: None |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF FORWARD FOOD GROUP, LLC AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Philadelphia Indemnity Insurance Company ("Philadelphia Insurance") now files this Notice of Removal. The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(b). In compliance with 28 U.S.C. § 1446(a), Defendant Philadelphia Insurance asserts the following grounds for removal:

1.      On or about July 30, 2021, Plaintiff Forward Food Group, LLC ("Plaintiff")

1    commenced the aforementioned civil action against Defendant Philadelphia Insurance by filing a

2    Complaint in the Superior Court of the State of California, for the County of San Francisco, entitled

3    *Forward Food Group, LLC v. Philadelphia Indemnity Insurance Company and Does 1 through 100,*

4    *inclusive*, Case Number CGC-21-594202 (hereinafter the "State Court Action").

5        2.    True and correct copies of Plaintiff's Summons, Complaint, Civil Case Cover Sheet

6    and related documents, are attached hereto as Exhibit A.  Exhibit A constitutes copies of all process,

7    pleadings and orders served upon Defendant Philadelphia Insurance to date, pursuant to 28 U.S.C.

8    § 1446(a).

9        3.    Defendant Philadelphia Insurance has not yet filed an answer or otherwise responded

10   to Plaintiff's Complaint in the State Court Action.

11                        **BASIS FOR REMOVAL JURISDICTION**

12       4.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and it

13   may be removed to this Court pursuant to 28 U.S.C. § 1441(b).  Specifically, and as explained more

14   fully below, this action involves citizens of different states and complete diversity.  Additionally,

15   and as explained more fully below, the amount in controversy exceeds the sum of $75,000, exclusive

16   of interest and costs.

17                        **Complete Diversity of Citizenship Exists**

18       5.    Defendant Philadelphia Insurance is informed and believes that Plaintiff is a

19   California limited liability company. (Compl. ¶ 1.)

20       6.    For purposes of diversity jurisdiction, the citizenship of a limited liability company is

21   determined by the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185,

22   195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

23       7.    The sole managing member of Plaintiff is FFG Restaurant Group, Inc. (*See* Forward

24   Food Group, LLC Statement of Information on file with the California Secretary of State, attached

25   hereto as Exhibit B.)  FFG Restaurant Group, Inc. is, and was at the time this lawsuit was filed, a

26   corporation organized under the laws of the State of California with its principal place of business

27

28   _____
     **DEF. PHILADELPHIA INDEMNITY INSURANCE CO'S NOTICE OF REMOVAL OF CIVIL ACTION**
     **(28 U.S.C. §§ 1332, 1441 AND 1446)**

in the State of California. (*See* FFG Restaurant Group, Inc. Articles of Incorporation and Statement of Information on file with the California Secretary of State, attached hereto as Exhibit C.)

8.      On information and belief, none of the members of Plaintiff are domiciled in or citizens of Pennsylvania. *See In re: Volkswagen 'Clean Diesel' Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2019 WL 670608, at *4-5 (N.D. Cal. Feb. 19, 2019) (citing *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014)) (holding that a defendant that removes an action to federal court under 28 U.S.C. § 1332(a) may allege jurisdictional facts on "information and belief" where information about the citizenship of an opposing party was not reasonably available at this stage of the proceedings*); Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) ("We hold only that [the defendant's] jurisdictional allegations, which provided a short and plain statement of the parties' citizenships based on information and belief, satisfied [the defendant's] burden of pleading minimal diversity [in its notice of removal]."); *Nat'l Payment Sys. LLC v. BSR Acquisition Co. LLC*, No. 3:20-CV-00983-SB, 2020 WL 6693143, at *2–3 (D. Or. Oct. 14, 2020) (holding that it was not objectively unreasonable for defendants' removal to allege "on information and belief" that plaintiffs were not citizens of the same states as defendants).

9.      The following is a list of all individual investor members of Plaintiff. (*See* List of Investors in Forward Food Group, LLC, attached hereto as Exhibit D.) Based upon information reasonably available to Philadelphia Insurance (*See* Declaration of Anthony Morris ("Morris Decl."), ¶¶ 7-9 (stating the due diligence and reasonable efforts Philadelphia Insurance took to ascertain the citizenship of Plaintiff's individual investor members), Philadelphia Insurance alleges on information and belief that all individual investor members of Plaintiff are domiciled in and are citizens of the following[1]:

---

[1] To the extent that any of the below information is later determined to be incorrect, a defendant may amend its notice of removal after the thirty day window has closed to correct a defective allegation of jurisdiction. *See* 28 U.S.C. § 1653; *ARCO Envtl. Remed., L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000).

---

**DEF. PHILADELPHIA INDEMNITY INSURANCE CO'S NOTICE OF REMOVAL OF CIVIL ACTION**
**(28 U.S.C. §§ 1332, 1441 AND 1446)**

60088206;3

| | | |
|---|---|---|
| 1 | a. | Tim Farrelly is domiciled in and is a citizen of the State of California or the |
| 2 | | State of Washington. |
| 3 | | (*See* Morris Decl., ¶ 10(k).) |
| 4 | b. | Jennifer Farrelly is domiciled in and is a citizen of the State of California or |
| 5 | | the State of Massachusetts. |
| 6 | | (*See* Morris Decl., ¶ 10(l).) |
| 7 | c. | Jeanne Amster is domiciled in and is a citizen of the State of California. |
| 8 | | (*See* Morris Decl., ¶ 8(c).) |
| 9 | d. | Ken Arnold is domiciled in and is a citizen of the State of California. |
| 10 | | (*See* Morris Decl., ¶ 10(o).) |
| 11 | e. | Keith Hoang is domiciled in and is a citizen of the State of California. |
| 12 | | (*See* Morris Decl., ¶ 9(i).) |
| 13 | f. | Antoinette von dem Hagen is domiciled in and is a citizen of the State of |
| 14 | | California. (*See* Morris Decl., ¶ 9(o).) |
| 15 | g. | Monica Hein is domiciled in and is a citizen of the State of Nevada or the State |
| 16 | | of New York. |
| 17 | | (*See* Morris Decl., ¶ 9(l).) |
| 18 | h. | Michael Hein is domiciled in and is a citizen of the State of Nevada. |
| 19 | | (*See* Morris Decl., ¶ 9(k).) |
| 20 | i. | Carole Middleton is domiciled in and is a citizen of the State of California. |
| 21 | | (*See* Morris Decl., ¶ 9(a).) |
| 22 | j. | Ike Gulesserian is domiciled in and is a citizen of the State of California. |
| 23 | | (*See* Morris Decl., ¶ 9(c).) |
| 24 | k. | Kris Gulesserian is domiciled in and is a citizen of the State of California. |
| 25 | | (*See* Morris Decl., ¶ 9(d).) |
| 26 | l. | Janice Feng is domiciled in and is a citizen of the State of California. |
| 27 | | |

1              (*See* Morris Decl., ¶ 9(e).)

2        m.    Miloni Malhotra, also known as Miloni Mahorta, is domiciled in and is a

3              citizen of the State of California. (*See* Morris Decl., ¶ 9(p).)

4        n.    Gautam Thadani is domiciled in and is a citizen of the State of Texas.

5              (*See* Morris Decl., ¶ 8(a).)

6        o.    Paul Williard, according to public records, may be a citizen of multiple states,

7              and Philadelphia is continuing to investigate his permanent place of domicile;

8              (*See* Morris Decl., ¶ 9(m).)

9        p.    Karen Chao is domiciled in and is a citizen of the State of California.

10             (*See* Morris Decl., ¶ 9(h).)

11       q.    Fahri Diner is domiciled in and is a citizen of the State of California.

12             (*See* Morris Decl., ¶ 8(k).)

13       r.    Constance Diner is domiciled in and is a citizen of the State of California.

14             (*See* Morris Decl., ¶ 8(j).)

15       s.    Dave Hatfield is domiciled in and is a citizen of the State of California.

16             (*See* Morris Decl., ¶ 9(b).)

17       t.    Akshay Oberai is domiciled in and is a citizen of the State of California.

18             (*See* Morris Decl., ¶ 8(i).)

19       u.    Jimmy Yue is domiciled in and is a citizen of the State of California.

20             (*See* Morris Decl., ¶ 9(f).)

21       v.    Kerena Yang is domiciled in and is a citizen of the State of California.

22             (*See* Morris Decl., ¶ 9(j).)

23       w.    Jonathan Leong is domiciled in and is a citizen of the State of California or

24             the State of Hawaii.

25             (*See* Morris Decl., ¶ 9(g).)

26       x.    Tom Chavez is domiciled in and is a citizen of the State of California or the

27

28

1    State of Arizona. (*See* Morris Decl., ¶ 10(s).)

2    y.    Rosalyn Chen is domiciled in and is a citizen of the State of California or the

3          State of Hawaii.

4          (*See* Morris Decl., ¶ 9(n).)

5    z.    Johannes Noertemann is domiciled in and is a citizen of the State of California.

6          (*See* Morris Decl., ¶ 8(f).)

7    aa.   Shan Shan Li is domiciled in and is a citizen of the State of California.

8          (*See* Morris Decl., ¶ 10(j).)

9    bb.   Sayat Ozyilmaz is domiciled in and is a citizen of the State of California.

10         (*See* Morris Decl., ¶ 7; Laura Ozyilmaz and Sayat Ozyilmaz Second Amended

11         Cross-Complaint, ¶ 2, attached hereto as Exhibit E.)

12   cc.   Laura Ozyilmaz is domiciled in and is a citizen of the State of California.

13         (*See* Morris Decl., ¶ 7; Ex. E, ¶ 1.)

14   dd.   Tony Liano is domiciled in and is a citizen of the State of California.

15         (*See* Morris Decl., ¶ 8(g).)

16   ee.   Jodi Liano is domiciled in and is a citizen of the State of California.

17         (*See* Morris Decl., ¶ 8(e).)

18   ff.   Jenifer R. Shriver is domiciled in and is a citizen of the State of California.

19         (*See* Morris Decl., ¶ 8(d).)

20   gg.   Gayatri Brar is domiciled in and is a citizen of the State of California.

21         (*See* Morris Decl., ¶ 8(b).)

22   hh.   Liesa Brar is not domiciled in and is not a citizen of the State of Pennsylvania.

23         (*See* Morris Decl., ¶ 16.)

24   ii.   Alison Don is domiciled in and is a citizen of the State of California or the

25         State of Wisconsin.

26         (*See* Morris Decl., ¶ 10(a).)

27

28

1

jj.   Michelle Brown is domiciled in and is a citizen of the State of California.

2

(*See* Morris Decl., ¶ 10(p).)

3

kk.   Charlie Brown is domiciled in and is a citizen of the State of California.

4

(*See* Morris Decl., ¶ 10(n).)

5

ll.   Evan Darr is domiciled in and is a citizen of the State of California or the State

6

of New York.

7

(*See* Morris Decl., ¶ 10(g).)

8

mm.   Oliver Nicholas is domiciled in and is a citizen of the State of California or

9

the State of New Mexico.

10

(*See* Morris Decl., ¶ 10(i).)

11

nn.   Yongia Sollers is domiciled in and is a citizen of the State of California.

12

(*See* Morris Decl., ¶ 7; Ex. E, ¶ 4.)

13

oo.   John Litz is domiciled in and is a citizen of the State of California.

14

(*See* Morris Decl., ¶ 7; Ex. E, ¶ 3.)

15

pp.   Nish Najajara is not domiciled in and is not a citizen of the State of

16

Pennsylvania.

17

(*See* Morris Decl., ¶¶ 10(m), 14.)

18

qq.   Dan Bragiel is domiciled in and is a citizen of the State of California.

19

(*See* Morris Decl., ¶ 10(d).)

20

rr.   Viresh Chana is domiciled in and is a citizen of the State of California.

21

(*See* Morris Decl., ¶ 8(h).)

22

ss.   Sharon Cheng is domiciled in and is a citizen of the State of California or the

23

State of Georgia.

24

(*See* Morris Decl., ¶ 10(r).)

25

tt.   Mike Harden is domiciled in and is a citizen of the State of Washington or the

26

State of California or the State of New Mexico.

27

28

**DEF. PHILADELPHIA INDEMNITY INSURANCE CO'S NOTICE OF REMOVAL OF CIVIL ACTION**
**(28 U.S.C. §§ 1332, 1441 AND 1446)**

60088206;3

1          (*See* Morris Decl., ¶ 10(q).)

2    uu.   Audrey Tsang is domiciled in and is a citizen of the State of California.

3          (*See* Morris Decl., ¶ 10(b).)

4    vv.   Derek Dukes is domiciled in and is a citizen of the State of California or the

5          State of Georgia.

6          (*See* Morris Decl., ¶ 10(e).)

7    ww.   Eric Muchinski is domiciled in and is a citizen of the State of Florida.

8          (*See* Morris Decl., ¶ 10(f).)

9    xx.   Brian Key is domiciled in and is a citizen of the State of California or the State

10         of Florida.

11         (*See* Morris Decl., ¶ 10(c).)

12   yy.   Jose Capo is domiciled in and is a citizen of the State of California.

13         (*See* Morris Decl., ¶ 10(h).)

14   10.   Gluttony, LLC is also a member of Plaintiff. On information and belief, none of the

15   members of Gluttony, LLC are domiciled in or citizens of Pennsylvania. Based upon information

16   reasonably available to Philadelphia Insurance, Philadelphia Insurance alleges on information and

17   belief that all the members of Gluttony, LLC are domiciled in and are citizens of the following:

18        a.    Garrett Scott is domiciled in and is a citizen of the State of California.

19              (*See* Morris Decl., ¶ 7; Gluttony, LLC Statement of Information on file with

20              the California Secretary of State, attached hereto as Exhibit F.)

21        b.    Valentino Scott is domiciled in and is a citizen of the State of California.

22              (*See* Morris Decl., ¶ 7; Ex. F.)

23   11.   The information necessary to affirmatively establish the diversity of the citizenship of

24   Plaintiff is not reasonably available to Philadelphia Insurance. *See* Morris Decl., ¶¶ 7-9 (stating the

25   due diligence and reasonable efforts Philadelphia Insurance took to ascertain the citizenship of

26   Plaintiff's individual investor members); *Volkswagen*, 2019 WL 670608, at *4-5; *Carolina Cas. Ins.*

27

28   **DEF. PHILADELPHIA INDEMNITY INSURANCE CO'S NOTICE OF REMOVAL OF CIVIL ACTION**
     **(28 U.S.C. §§ 1332, 1441 AND 1446)**

*Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014) ("We also hold that when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants.").

12.   Defendant Philadelphia Insurance is, and was at the time this lawsuit was filed, a corporation organized under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania. (*See* Philadelphia Indemnity Insurance Company Business Entity Details, attached hereto as Exhibit G.)

13.   Thus, there is complete diversity among the parties.

14.   The defendants designated as Does 1 through 100 are fictitious defendants.  Thus, they are not parties to this action.  Unnamed defendants, such as Doe defendants, are not required to join in a removal petition.  The Court disregards their citizenship for purposes of determining diversity. 28 U.S.C. § 1441(b)(1).

**The Amount In Controversy Requirement Is Satisfied**

15.   The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

16.   Specifically, Plaintiff alleges in the Complaint that Plaintiff "has been damaged in the amount of $300,000 or more – the amount of the unpaid legal defense fees and costs." (Compl. ¶ 16.)

17.   If a complaint on its face alleges that the amount in controversy exceeds the minimum required to invoke diversity jurisdiction, and all of the other requirements for diversity jurisdiction are met, the action is removable. 28 U.S.C. § 1332; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 3030 U.S. 283, 291-92 (1938); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F.Supp.3d 1140, 1144 (E.D. Ca. 2018).

18.     Defendant Philadelphia Insurance denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses or claims that may otherwise be available to it.  Without waiving this position, and in light of the allegations within Plaintiff's Complaint, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

19.     Defendant Philadelphia Insurance has therefore demonstrated that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and that this case may be removed by Defendant Philadelphia Insurance to this Court pursuant to 28 U.S.C. § 1441(a).  This case is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and this civil action is between citizens of different states.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL
## HAVE BEEN SATISFIED

20.     Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 84(a) and 1441(a), because this Court's territorial jurisdiction includes San Francisco County, California, where the State Court Action was filed and is pending.

21.     Defendant Philadelphia Insurance will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of San Francisco, as further required by this statute.

22.     As Defendant Philadelphia Insurance's registered agent for service of process was served with Plaintiff's Summons and Complaint on September 2, 2021, the filing of this Notice of Removal is timely, as it has been filed within thirty (30) days after service of the Summons and Complaint as required by 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6.

23.     No defendant is a citizen of the State of California, where this action was brought. 28 U.S.C. § 1441(b).

24.     No previous application has been made for the relief requested herein.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

25.     WHEREFORE, Defendant Philadelphia Insurance respectfully removes this action from the Superior Court of California, for the County of San Francisco, bearing Case Number CGC-21-594202, to this Court.

Dated:  October 4, 2021                 **BLOOM & KING LLP**

By_____
                                                 Scott M. Bloom
                                                 *Attorneys for Defendant*
                                                 PHILADELPHIA INDEMNITY INSURANCE
                                                 COMPANY

**PROOF OF SERVICE**

I am over 18 years of age and not a party to the within entitled action.  I am employed at the law firm of **BLOOM & KING LLP** and my business address is 3478 Buskirk Ave., Suite 1000, Pleasant Hill CA 94523.  On October 4, 2021, I served a copy of the following:  **DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446 and DECLARATION OF ANTHONY MORRIS IN SUPPORT THEREOF**  on the attorney(s) for the parties to this action by the following method:

Wallace C. Doolittle, Esq.                    *Attorneys for Plaintiff Forward Food*
James P. Downs, Esq.                          *Group, LLC*
1260 B Street, Suite 220
Hayward, California 94541

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Denver, Colorado.

☒ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**DEF. PHILADELPHIA INDEMNITY INSURANCE CO'S NOTICE OF REMOVAL OF CIVIL ACTION (28 U.S.C. §§ 1332, 1441 AND 1446)**
60088206;3

1

☒    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

2

3

4

5

6

    I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

7

8

☒    (Federal)      I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

9

10

    Executed on October 4, 2021 at Pleasant Hill, California

11

12

13
Scott M. Bloom                   _____
(Type or print name)                        (Signature)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
**DEF. PHILADELPHIA INDEMNITY INSURANCE CO'S NOTICE OF REMOVAL OF CIVIL ACTION**
**(28 U.S.C. §§ 1332, 1441 AND 1446)**